## SUPREME COURT.

### BURR agt. WRIGHT.

A plaintiff can not *demur* to one defence in an answer, which is inconsistent
· with his *reply* denying other defences.

*New-York Special Term, September*, 1854. In this case the plaintiff both replied and demurred to the defendant's answer, and the defendant moved that the plaintiff elect whether he would abide by his reply or demurrer.

A. W. CLASON, Jr., *for motion.*
C. BAINBRIDGE SMITH, *opposed.*

MITCHELL, Justice. This motion is founded on the supposition that one of the pleas is inconsistent with the other, because, as is supposed, the demurrer is to the same matter which the reply covers. From the manner in which the answer is expressed, it makes a distinct cause of defence, that the assignment to the plaintiff was made to defraud creditors; and to

that the plaintiff demurs, and to that only. It also makes, as another ground of defence, that the assignor did not duly assign the claim in suit in good faith, and that the assignment is void upon the words contained in the assignment; and to those two defences the plaintiff replies. The plaintiff has, therefore, (so far as these parts of his pleading are concerned,) selected these separate defences, and demurred to one and replied to the others. It was said that the reply denied the matter demurred to, because it denied every allegation in the answer inconsistent with the reply and demurrer. The plaintiff meant by this to except the matter demurred to, because a demurrer admits the facts to be true that are demurred to. But that is a very ambiguous mode of expressing such an idea, and it may be said with propriety that the allegation in the answer that the assignment was made to defraud creditors, is inconsistent with the allegation in the reply that the claim was assigned in good faith.

The plaintiff, if he still chooses to demur, must, therefore, express more distinctly what part he excepts from the denial in his reply, and amend his pleading accordingly; or he may, if he choose, extend his reply to the part demurred to, and the court at the circuit will give him the same advantage as if he had demurred to it.

As the part demurred to constitutes no defence, no costs are given.